**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEAH MONIQUE ("NIKKI")
FITZGERALD, individually; and
LEAH MONIQUE ("NIKKI")
FITZGERALD and BRIAN W.
FITZGERALD, husband and wife, in
their capacities as parents, guardians,
and next best friends of M.D.M.F. and
A.C.R.F., minor children,

      Plaintiffs-Appellees,

v.

ANTHONY JOHN RODRIGUEZ,
individually,

      Defendant-Appellant,

and

POTTAWATOMIE COUNTY
BOARD OF COUNTY
COMMISSIONERS, a political
subdivision of the state of Oklahoma;
KENNETH VANDUSER,
individually; KURT SHIRLEY,
individually; JOHN DOE, 1 through 5,
inclusive; KENNETH S. TICKNOR,

      Defendants.

No. 10-6082
(D.C. No. 5:07-CV-00101-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

(continued...)

Before **HARTZ**, Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

In this interlocutory appeal, Deputy Anthony Rodriguez appeals the district court's denial of his motion for summary judgment as to plaintiff Leah Monique Fitzgerald's claim under 42 U.S.C. § 1983 for use of excessive force. We are unable to review Deputy Rodriguez's challenge to the district court's ruling because we are without jurisdiction to consider factual disputes. We dismiss the appeal in favor of further proceedings in the district court.

I.

Responding to a request from the Alaska State Police, the Pottawatomie County Sheriff's Office initiated a welfare check at Ms. Fitzgerald's home on her sister and three-year-old niece, who were listed as missing in Alaska. Deputies Rodriguez and Van Duser drove to Ms. Fitzgerald's address. Ms. Fitzgerald, a private investigator, showed her identification card, displayed her firearm, and told the deputies she would not allow them into her home until they obtained a warrant.

---

*(...continued)
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The deputies received court authorization to enter the home with force and check on the welfare of the missing child. They, along with another law-enforcement officer, then kicked down the door of the residence, handcuffed Ms. Fitzgerald, and searched the home. They located the sister and niece hiding in the attic with Ms. Fitzgerald's own children. Ms. Fitzgerald was transported to the sheriff's office where she was booked on charges of obstructing an officer and harboring a missing person. The charges against Ms. Fitzgerald were dismissed at the preliminary hearing.

Later Ms. Fitzgerald and her husband filed a civil-rights complaint, asserting the use of excessive force in connection with her handcuffing, on the part of Deputies Rodriguez and Van Duser, and John Doe officers and state-law claims of assault and battery against Deputy Van Duser. She also alleged Fourth Amendment claims against various defendants for the warrantless entry of her home and her arrest.

The district court entered summary judgment in favor of defendants on all claims except the excessive-force claim against Deputies Rodriguez and Van Duser and the state-law claims against Deputy Van Duser. Deputy Rodriguez seeks an interlocutory appeal, arguing that Mr. Fitzgerald's allegations do not affirmatively link him to the handcuffing.

II.

Generally this court lacks jurisdiction to consider interlocutory appeals. "[T]he Supreme Court has limited appeals of interlocutory decisions denying the defense of qualified immunity to cases presenting neat abstract issues of law. In contrast, pretrial determinations of evidentiary sufficiency in qualified immunity cases are not immediately appealable." *Weise v. Casper*, 507 F.3d 1260, 1263-64 (10th Cir. 2007) (internal citations and quotation marks omitted) ("[E]videntiary sufficiency determinations are not separable from a plaintiff's claim and thus do not constitute final decisions. . . ."). In other words, this court "lack[s] jurisdiction to review a denial of summary judgment based on qualified immunity if the claim on appeal is based on disputed facts." *Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1165 (10th Cir. 2005).

With regard to Ms. Fitzgerald's excessive-force claim against Deputy Rodriguez, the present record contains at least four versions of her handcuffing. In her complaint, she alleged that a John Doe tribal officer (identified in deposition testimony as Officer Ticknor) bent her over and handcuffed her. Afterwards, Deputy Van Duser put his knee in the middle of her back in a violent and hurtful manner, removed her handcuffs, and then re-handcuffed her. She alleged that during the second handcuffing, Deputy Van Duser bent her forward onto her dining table, placed his knee in her back while removing the handcuffs,

pulled her arm so hard that her shoulder made a popping sound, and tightly recuffed her.

Ms. Fitzgerald's deposition testimony on handcuffing was similar to the allegations in her complaint. She also stated that Deputy Van Duser refused to loosen the handcuffs and so did Deputy Rodriguez and Officer Ticknor. At the sheriff's office, Deputies Van Duser and Rodriguez allegedly harassed her for about five hours without loosening the handcuffs--causing excruciating pain. Later, she learned that her rotator cuff was torn.

During his deposition, Deputy Rodriguez described his own actions in handcuffing plaintiff. He said he positioned her over the dining room table because he was meeting resistance. Deputy Van Duser testified that he held Ms. Fitzgerald's arm to help handcuff her. He denied re-cuffing her. Officer Ticknor testified that he did not handcuff Ms. Fitzgerald and that Deputy Rodriguez tested the cuffs in the police car by putting his finger between the cuff and her wrist. None of the law-enforcement officers acknowledged or mentioned a second handcuffing.

The record indicates that Deputy Rodriguez may be linked to the handcuffing in three ways: (1) his own testimony that he did the initial handcuffing; (2) Ms. Fitzgerald's testimony that he refused to loosen her cuffs; and (3) Officer Ticknor's statement that Rodriguez tested the cuffs and decided they were not too tight. A disputed issue of fact is apparent from the record.

Under these circumstances, this court does not have jurisdiction to review the district court's denial of Officer Rodriguez's motion for summary judgment because "it is predicated on evidence sufficiency, *i.e.* which facts a party may, or may not, be able to prove at trial." *Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1258 (10th Cir. 1998) (internal quotation marks omitted). Accordingly, the appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


John C. Porfilio
Senior Circuit Judge